[No. 16490.   Department Two.   July 27, 1921.]

W. H. SINCLAIR *et al.*, *Respondents*, v. WILES & FOY,
*Defendants*, C. YABE *et al.*, *Appellants.*[1]

MUNICIPAL CORPORATIONS (379, 380)—USE OF STREETS—COL-
LISIONS—ORDINANCES.   The verdict of a jury finding the negligence
of the driver of a jitney bus as the proximate cause of injury to a
passenger in the bus, resulting from its collision with a mail truck,
was sustained by evidence showing that, under the city ordinances,
the mail truck had the right of way over other vehicles, and also
had the right of way over the jitney bus by first entering the inter-
section of cross-streets; that the jitney entered the intersection at
an excessive rate of speed; that the jitney driver did not heed the
proper signal given by the truck driver, nor give any signal which
would warn the driver of the truck; and that the jitney driver
turned his car to the right, while a turn to the left or a timely re-
duction of speed would have avoided the collision.

Appeal from a judgment of the superior court for
King county, Tallman, J., entered November 27, 1920,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action for personal injuries.   Affirmed.

*Morris B. Sachs,* for appellants.

*William U. Park* and *Paul S. Dubuar,* for respond-
ents.

TOLMAN, J.—Respondents, as plaintiffs, brought this
action to recover for personal injuries sustained by
Bessie F. Sinclair while a passenger on a jitney bus
operated by appellant Yabe.   From a verdict against

[1]Reported in 199 Pac. 725.

them in the sum of $2,000, and a judgment thereon, the appellants bring the case here for review on appeal.

The errors assigned all go to the sufficiency of the evidence to support the verdict, and may be considered together.

The jury having found the driver of the jitney bus guilty of negligence, which was the proximate cause of the accident, and occasioned the injuries, then, if there is any evidence in the case from which that conclusion can properly be drawn, the judgment must be affirmed.

An examination of the record reveals that there is evidence tending to show, and from which the jury may have found, that appellants' jitney bus, upon which the injured respondent was a passenger, collided with a mail truck operated by the defendant Wiles & Foy, a corporation, at the intersection of three streets, Olive, Westlake and Fifth avenues, in the city of Seattle; that a semaphore operated by a traffic officer is there maintained, which, when open for traffic on Olive street, closes all traffic on Westlake and Fifth avenues, and when open for Westlake is also open for Fifth avenue, and closed for Olive street. In other words, the semaphore has only the "go" and "stop" signs, which operate identically the same on Westlake and Fifth avenue traffic at all times. The jitney bus was traveling southerly on Westlake avenue, while the mail truck was crossing Westlake diagonally for the purpose of proceeding northwesterly up Fifth avenue. The semaphore showed the "go" sign for both. Under the city ordinance introduced in evidence mail trucks have the right of way over ordinary traffic. The mail truck first entered the intersection of the two streets which also would give it the right of way under the city ordinance. The driver gave the proper signal and there was nothing to obstruct the view of the driver of the approaching jitney. There was also evidence tending to

show that in view of the known density of the traffic at that point, the driver of the jitney approached and entered the intersection at an excessive rate of speed under all the circumstances; gave no signal which would warn the driver of the mail truck or call the attention of his passengers to the situation, so that they could brace themselves for the blow of the collision which was impending, and turned his machine to the right thus striking the rear of the mail truck, while a turn to the left, or a timely reduction of speed would have avoided the collision entirely. Under these conditions which we must assume were the conditions actually existing, the driver of the jitney bus was clearly bound to exercise such a degree of care as was necessary to protect his passengers from injury.

The trial court properly denied the motion for nonsuit, the motion for judgment *non obstante,* and the motion for a new trial, and did not err in entering judgment on the verdict.

The judgment is affirmed.

PARKER, C. J., FULLERTON, MAIN, and MITCHELL, JJ., concur.