[No. 16918.   Department One.   March 29, 1922.]

SYLVIA M. ROMANO, *Respondent,* v. W. S. DULMAGE
MOTOR COMPANY, *Appellant.*[1]

MUNICIPAL CORPORATIONS (379)—USE OF STREETS—MUTUAL RIGHTS
AT CROSSINGS—NEGLIGENCE.  Defendant's negligence in an automobile
collision at a street intersection is established by his testimony
showing that plaintiff's car had the right of way as the car on the
right simultaneously reaching the intersection, and that the collision
occurred without either driver slackening his speed or changing his
course.

Appeal from a judgment of the superior court for
King county, Wright, J., entered August 2, 1921, upon
findings in favor of the plaintiff, in an action for dam-
ages sustained in an automobile collision, tried to the
court.   Affirmed.

*Roberts & Skeel, N. A. Pearson,* and *Ray Dumett,*
for appellant.

*Clem J. Whittemore,* for respondent.

MITCHELL, J.—The automobile collision out of which
this action arose occurred at the intersection of John
street and Tenth avenue, in Seattle.  The streets cross
at right angles, John street running east and west.
The plaintiff, driving her car, traveled west on John
street, while the defendant's car, driven by an em-
ployee, traveled north on Tenth avenue.  Each drove
near the curb on the right-hand side of the street
traveled.   In their pleadings each charged that the
accident was due to the negligence of the other.  The
case was tried without a jury, and the defendant has
appealed from findings and judgment in the sum of
$550.

[1]Reported in 205 Pac. 8.

It was found by the trial court that the driver of appellant's car was negligent in several respects and that his negligence was the cause of the accident. The findings are supported by a preponderance of the evidence. Respondent's testimony, in which she was corroborated, was that she was traveling ten to twelve miles an hour, and further, as follows: "Q. Compared to your speed, he was going much faster? A. Yes, sir, he was going very much faster than I was." The evidence shows that the collision occurred in a thickly settled portion of the city. John street is twenty-four feet wide between the curbs, with parking strips and sidewalk on each side twenty-one feet wide. On approaching the intersection, the respondent looked south by a building on the southeast corner of the intersection, and seeing no car coming from that direction, she then looked north, and in a moment of time the cars collided, that of the appellant being driven at a high rate of speed.

Appellant's driver, voluble if not reckless in his testimony, testified that, upon approaching the intersection of the streets, when he was at a point about ten feet south of John street, he noticed respondent's car approaching from the east on his right. He first said that at that time her car was from eighty to one hundred feet from the intersection, at another time he said it was from forty to fifty feet from the intersection, and at still another time he admitted she was about thirty to thirty-five feet east of the intersection. He testified, and it is not controverted, that he drove near the curb on the right-hand side of Tenth avenue, and that after he saw the approaching car, traveling so as to cross his way, he neither slackened his speed nor changed his course. The fact that he traveled faster, or even if he traveled only as fast as the other car,

which was running on the north side of John street, and the further fact that the cars collided before changing their courses, deprives him of the slightest opportunity to successfully deny that the two cars were simultaneously approaching the crossing.

Section 46 (Ordinance No. 39,720) of the traffic code of the city of Seattle provides, "Drivers when approaching street intersections shall look out for and give right of way to vehicles on their right, simultaneously approaching a given point, provided, however, that street cars shall have the right of way at all times at such intersections." Had the law been obeyed the collision would not have happened. No conclusion can be reached upon the record in this case other than that the violation of the ordinance by the driver of appellant's car was the cause of the accident.

Affirmed.

PARKER, C. J., TOLMAN, BRIDGES, and FULLERTON, JJ., concur.