[No. 18277.    Department Two.    March 13, 1924.]

ARTHUR GROESCHELL, *Respondent,* v. WASHINGTON
CHOCOLATE COMPANY, *Appellant.*[1]

MUNICIPAL CORPORATIONS (379, 380)—USE OF STREETS—COLLISION
AT CROSSING—RIGHT OF WAY—INSTRUCTIONS. Where vehicles did not
simultaneously approach a crossing but one entered it while the
other was about half a block away, the jury is properly instructed
that the car which first entered the intersection has the right of
way; and this does not violate Rem. Comp. Stat., § 6340, providing
that drivers approaching intersections shall look out for and give
right of way to vehicles on their right simultaneously approaching
a given point.

APPEAL (129)—PRESERVATION OF GROUNDS—REQUESTS FOR INSTRUC-
TIONS. Error cannot be assigned upon the failure to give an instruc-
tion in the absence of a request therefor.

Appeal from a judgment of the superior court for
King county, Sheeks, J., entered June 25, 1923, upon
the verdict of a jury rendered in favor of the plaintiff,
in an action for personal injuries sustained in an auto-
mobile collision.    Affirmed.

*Van Dyke & Thomas,* for appellant.

*G. F. Vanderveer,* for respondent.

PEMBERTON, J.—This is an action to recover damages
for injuries received resulting from an automobile col-
lision at the intersection of Eighth avenue and Stewart
street, in Seattle, Washington.    Stewart street runs in
an easterly and westerly direction, and Eighth avenue
in a northerly and southerly direction.    Respondent
testified that he was driving his Ford automobile in a
northerly direction along Eighth avenue at about
twelve miles per hour; that Mr. Hathaway, an em-
ployee of appellant, was driving its motor truck west-
erly along Stewart street at the rate of about twenty-

[1]Reported in 224 Pac. 19.

five miles per hour, and collided with the car of respondent at the street intersection. The case was tried before a jury, and from a judgment entered upon the verdict, this appeal is taken.

It is first claimed that the court erred in giving the following instruction:

"Under the statute of this case, when two cars approach a street intersection at right angles to each other, the car which first enters the intersection has the right of way over the other car, regardless of whether said other car is approaching from the right or from the left."

It is contended that this instruction violates § 6340, Rem. Comp. Stat. [P. C. § 222], which provides in part as follows:

"Drivers, when approaching highway intersections, shall look out for and give right of way to vehicles on their right, simultaneously approaching a given point: Provided, however, that street and interurban cars and emergency vehicles shall have the right of way at all times at such highway intersections."

Stewart street is forty-eight feet wide between curbs. According to the testimony of respondent, these cars did not simultaneously approach a given point. The car of respondent had reached the intersection, while the truck of appellant was about a half a block away, and under this theory of facts there is no question but what the instruction complained of states the law. If it were otherwise it would be almost impossible to pass under conditions of heavy traffic where there are broad street intersections. This rule of law has been recognized in a number of cases. *Riddel v. Lyon,* 124 Wash. 146, 213 Pac. 487; *Sinclair v. Wiles & Foy,* 116 Wash. 409, 199 Pac. 725; *Hull v. Crescent Manufacturing Co.,* 109 Wash. 129, 186 Pac. 322; *Yuill v. Berryman,* 94 Wash. 458, 162 Pac. 513.

Appellant next contends that the evidence was insufficient to sustain a verdict because of contributory negligence of respondent. This is a question of fact and was properly submitted to the jury.

It is next contended that the court erred in instructing the jury as to the measure of damages because there was no evidence in the case to support an award in any sum. We are satisfied that the instruction was properly given and the verdict rendered was supported by the testimony.

It is next contended that the court erred in not declaring the rule for the guidance of the jury in determining the weight and credibility and preponderance of the evidence. Counsel for appellant not having requested the instruction desired cannot be heard to complain for the court's failure to so instruct. *Rush v. Spokane Falls & N. R. Co.*, 23 Wash. 501, 63 Pac. 500; *Grant v. Armstrong,* 55 Wash. 365, 104 Pac. 632; *Lipsett v. Dettering,* 94 Wash. 629, 162 Pac. 1007.

The judgment will be affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and MACKINTOSH, JJ., concur.