[No. 18846. Department One. January 9, 1925.]

## EDWARD HOYT, *Appellant,* v. LYMAN O. WILSON et al., *Respondents.*[1]

HIGHWAYS (53)—NEGLIGENT USE OF MOTOR VEHICLES—MEETINGS
AND CROSSINGS. Laws 1921, p. 273, § 6, giving the right of way to
cars simultaneously approaching an intersection, has no application
where the automobile to the left reached the intersection first when
the other car was about half a block away, and had crossed or
practically crossed before it was hit by the automobile on the right;
the driver of which, in such case, is guilty of contributory negligence,
under the rule giving the right of way to the car which first enters
the intersection.

Appeal from a judgment of the superior court for
Spokane county, Oswald, J., entered April 9, 1924, upon
findings in favor of the defendants, in an action for
personal injuries sustained in an automobile collision.
Affirmed.

*O. C. Moore* and *R. P. Woodworth,* for appellant.

*Turner, Nuzum & Nuzum,* for respondents.

PEMBERTON, J.—This action is for the recovery of
damages for personal injuries sustained by appellant
in a collision between a Ford truck operated by appel-
lant and a Dodge sedan operated by the minor son of
the respondents. The collision occurred at the inter-
section of public highways about one mile north of
Opportunity, in Spokane county. The car of appellant
approached the intersection from the east, and the car
of respondents approached from the south. Both the
east and west road and the north and south road are
open, unobstructed and practically level. The com-
plaint alleges that Lyman O. Wilson, Jr., was a mem-
ber of respondents' family, and he was using the Dodge
automobile with the knowledge and consent and ap-

[1]Reported in 231 Pac. 947.

proval of respondents, for the benefit and pleasure of respondents and their family.

As a first affirmative defense respondents claim that, at the time of the accident, Lyman Wilson, Jr., was living separate and apart from respondents; that he was conducting a business on his own behalf, independent of any claim or interest on the part of respondents; that the Dodge sedan driven by him had been borrowed from respondents for his own individual purposes and not for the benefit or pleasure of respondents or their family. As a second affirmative defense it is alleged that the accident was the result of the contributory negligence of the appellant.

The trial court found that Lyman O. Wilson, Jr., was using the car in question in his own separate business and was not using the car for the use or for the benefit or for the pleasure of the respondents or their family, and further found that the injury to appellant was caused and directly contributed to by the negligence of appellant.

These roads in question cross at right angles. The testimony shows that Lyman O. Wilson, Jr., was driving the Dodge sedan at about twenty-five miles an hour, and immediately before reaching the crossing slowed to about twenty miles per hour; that the Dodge sedan reached the intersection and had practically crossed the same when it was hit by the Ford truck of appellant. Appellant, instead of continuing ahead, turned toward the north and the collision occurred to the north of the intersection. The Dodge sedan was hit back of the front wheel on the right side. The force was so great that it broke through the running board and bent the front axle and the frame of the car. It drove the hub out of the left rear wheel, broke the spokes in the front right wheel, and turned the sedan on its side. The trial court found as a fact that the Dodge car was

in the intersection first and had crossed, or nearly crossed, the same when the collision took place. There is some dispute as to the speed of the Ford truck. However, a crate of cantaloupes in the Ford truck was thrown into the air and landed about thirty feet west of the point of collision. This would indicate that the car was running at a fair rate of speed.

It is the contention of appellant that he had the right of way under Laws of 1921, p. 273, § 6, which provides:

"Drivers, when approaching highway intersections, shall look out for and give right-of-way to vehicles on their right, simultaneously approaching a given point . . . ."

Appellant relies on *Sliter v. Clark,* 127 Wash. 406, 220 Pac. 785; *Snyder v. Smith,* 124 Wash. 21, 213 Pac. 682; *Radford v. Seattle,* 127 Wash. 445, 221 Pac. 597; *Bacon v. Varney,* 128 Wash. 472, 223 Pac. 322.

There is no question but what this is the law, but under the facts in this case we cannot hold that these two automobiles were simultaneously approaching a given point. The point referred to by the statute is not some point within the intersection, but the intersection itself. This is the rule followed in the case of *Groeschell v. Washington Chocolate Co.,* 128 Wash. 589, 224 Pac. 19, wherein we said:

"According to the testimony of respondent, these cars did not simultaneously approach a given point. The car of respondent had reached the intersection, while the truck of appellant was about a half a block away, and under this theory of facts there is no question but what the instruction complained of states the law."

The instruction complained of in that case was as follows:

"Under the statute of this case, when two cars approach a street intersection at right angles to each

other, the car which first enters the intersection has the right of way over the other car, regardless of whether said other car is approaching from the right or from the left."

Lyman O. Wilson, Jr., having entered and almost crossed the intersection prior to the accident, had the right of way over appellant. Upon a consideration of all the facts, we agree with the trial court that the appellant was guilty of contributory negligence. This being true, it renders unnecessary a discussion of the other affirmative defense of respondents.

The judgment is affirmed.

MAIN, C. J., BRIDGES, and TOLMAN, JJ., concur.