[No. 18761. Department Two. February 20, 1925.]

## GLADYS MELIOR et al., Respondents, v. P. J. BURK, Appellant.[1]

MUNICIPAL CORPORATIONS (379, 380)—USE OF STREETS—COLLISION AT CROSSING—RIGHT OF WAY—VIOLATION OF STATUTES. Under the law of Oregon, Olson's 1920 Code, § 4773, giving the right of way to the vehicle on the right, where two are simultaneously approaching a street intersection, it is contributory negligence for the vehicle on the left not to give way to the one observed approaching on the right, where a collision would take place if both continued without change of speed or course.

Appeal from a judgment of the superior court for Clark county, Simpson, J., entered January 11, 1924, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained in an automobile collision. Reversed.

*Crass & Hardin,* for appellant.

*James P. Stapleton* and *Davis & Farrell,* for respondent.

MITCHELL, J.—Gladys Melior and her husband (the latter being hereinafter spoken of as the respondent) brought this action to recover for personal injuries received by her in an automobile collision at the intersection of Hancock street and Sandy Boulevard, in the city of Portland, Oregon. The collision occurred about the middle of an afternoon. From a verdict and judg-

[1]Reported in 233 Pac. 295.

ment against the defendant, P. J. Burk, he has appealed.

The essential and controlling facts are plain. Sandy Boulevard is a wide street. It runs in a northeasterly and southwesterly direction. It has upon it two street car tracks, one on each side and near the center of the street. Hancock street is not so wide, being twenty-four feet between the curbs. It runs east and west. At or near the intersection of these two streets another one, called East 43d street, twenty-four feet between the curbs, intersects both of the other two streets. Its center line is some twenty or thirty feet east of the crossing of the center lines of the other two streets. East 43d street runs north and south, crossing Hancock street at right angles. Appellant, Burk, was going east, traveling on his right-hand or the south side of Hancock street. Respondent, with his wife, was driving their car on the northerly street car track on Sandy Boulevard, his car being driven immediately over the two rails of that street car track. They were going southwesterly.

Upon entering what may be termed the common intersection of all three streets, or, more accurately, upon reaching the east marginal line of East 43rd street extended across Sandy Boulevard, the respondent, traveling southwesterly, had a clear view west on Hancock street for approximately two hundred feet, and observed the appellant coming east on the south side of Hancock street at an excessive rate of speed, which the respondent testified was maintained until the collision occurred. At the same time of that observation, respondent noticed a street car approaching from the southwest, something more than two hundred feet distant, on the southerly street car track which paralleled the one along which he was driving. There was no other traffic on the streets, in the vicinity. It will

be observed that, as the respondents were going southwesterly, appellant, coming from the west, was obliquely approaching, on respondents' right, a point at which their two lines would cross. Neither gave the other any signal of intention to change his course and neither did change his course, unless possibly just at the time of or too late to avoid the collision.

Respondent testified that, upon entering the street intersection, he was traveling twelve to fifteen miles an hour, the speed limit being twelve miles within the intersection, but that, upon observing the oncoming of appellant's car, he slowed down to three miles at the time of the collision. But it is made perfectly plain by the respondent's testimony that in his course he never budged from his line of travel over the two street car rails of the northerly track, and that the collision occurred at a point on that line just a few feet south of and on appellant's right-hand side of the center line of Hancock street. As a result of the collision respondent's car was bumped onto or near the southerly street car track, and in a moment the street car occupying that track unavoidably struck respondent's car, altogether causing the injuries complained of. The situation was a plain one and the rights and duties of the parties definitely fixed by the law.

The accident happened in Oregon, but that state has a law, proven in this case by the respondents, as follows:

"(8) Vehicles Having Right of Way. At all intersections the vehicle approaching the intersection from the right of any other vehicle approaching the intersection shall have the right of way excepting as to emergency vehicles, street and interurban cars, . . ." Olson's 1920 Code, § 4773.

An ordinance of the city of Portland to the same effect as the general statute of that state was con-

sidered by the supreme court of Oregon in the case of *Johnson v. Underwood* 102 Ore. 680, 203 Pac. 879, approving an instruction of the trial court to a jury, which instruction was as follows:

"This right of precedence at a crossing has no proper application except where the travelers or vehicles on the intersecting streets approach the crossing so nearly at the same time and at such a rate of speed that, if both proceed, each without regard to the other, a collision or interference between them is reasonably to be apprehended. In such case it is the right of the one having the precedence to continue his course, and it is the duty of the other to yield him the right of way."

The Oregon case was permitted to go to the jury because of facts materially different from those in the present case.

This state has a statute similar to that of Oregon and the ordinance of Portland mentioned above. It is Laws of 1921, p. 272, ch. 96, § 28, subd. 6 (Rem. Comp. Stat. § 6340) [P. C. § 222], which has been passed on frequently by this court. One of such cases is *Snyder v. Smith,* 124 Wash. 21, 213 Pac. 682, which was a case wherein a nonsuit against the plaintiff was affirmed by this court, although there was testimony that the defendant was traveling at an excessive rate of speed. In the opinion we said:

"Laws of 1921, p. 272, ch. 96, § 28, subd. 6 (Rem. Comp. Stat., § 6340), provides that 'Drivers, when approaching highway intersections, shall look out for and give right-of-way to vehicles on their right, simultaneously approaching a given point: . . .' The appellant and respondent were in a situation directly and specifically covered by this subdivision. They were approaching a highway intersection and were simultaneously approaching a given point. The duty then was upon the appellant to look out for the respondent's car, which he did, and to give it the right of way,

it being a vehicle approaching from his right, which he did not. The respondent had the right to proceed on his course on the assumption that the appellant would obey the law. The appellant saw respondent's stage, knew its rate of speed, knew that it had the right of way, and his duty was to concede that right. This he did not do and his negligence is established, for, as we have so often held, the violation of a positive statute is itself negligence, and there can be no doubt that this negligence contributed to, and was the proximate cause of, the injury.''

In *Dodge v. Salinger,* 126 Wash. 237, 217 Pac. 1014, under a city ordinance similar to the state law, the respondent recovered against one who was approaching an intersection from his right at a high rate of speed, and in reversing the judgment in that respect we said:

''There can be no doubt, therefore, that the negligence of respondent contributed to and concurred in the cause of the collision. That being true, respondent is not entitled to recover.''

Speaking on the same subject, in the case of *Sliter v. Clark,* 127 Wash. 406, 220 Pac. 785, wherein the defendants failed to comply with the statute, we said:

''It was their duty, therefore, to look out for him and give him the right of way. Failing in this, they violated the statutory command, and were thus guilty of negligence as a matter of law. *Ebling v. Nielsen,* 109 Wash. 355, 186 Pac. 887.''

See, also, *Romano v. Dulmage Motor Co.,* 119 Wash. 347, 205 Pac. 8; *Bacon v. Varney,* 128 Wash. 472, 223 Pac. 322.

It appears that the respondent thought he should be given the right of way by one who in the law was entitled to it, and that respondent thus proceeded until too late to prevent the accident. There was ample opportunity for him to have stopped his car, or, fol-

lowing another law of the road, turned to the right. This the appellant was not called upon to do under the right of preference of way, while for him to have turned to his right at any time after it was apparent that the respondent would not yield would have been fraught with grave danger on account of the street car approaching obliquely from his rear.

The appellant reasonably interposed motions for a nonsuit, directed verdict, and for judgment notwithstanding the verdict. Each one of them was good and should have been granted.

Reversed with directions to enter judgment accordingly for the appellant.

FULLERTON, MAIN, MACKINTOSH, and HOLCOMB, JJ., concur.