[No. 20010. Department Two. June 22, 1926.]

RAY ELLIS *et al., Respondents,* v. GEORGE OLSON, *Appellant.*[1]

[1] MUNICIPAL CORPORATIONS (383, 390)—COLLISION OF AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. The fact that plaintiff's car, having the right of way, crossed at an intersection in excess of the lawful rate of speed, does not preclude a recovery for a collision when struck in the rear by an oncoming car, since it is apparent that the rate of speed was not a contributing cause to the accident.

[2] SAME (379, 380)—AUTOMOBILES—ACCIDENT AT CROSSING—VIOLATION OF SPEED ORDINANCE. The car first entering an intersection with ample time to cross if the oncoming car had been approaching at a lawful rate of speed has the right of way.

Appeal from a judgment of the superior court for King county, Findley, J., entered February 3, 1926, upon the verdict of a jury in favor of the plaintiffs, in an action for damages sustained in an automobile collision. Affirmed.

*Frank S. Griffith,* for appellant.

*Poe, Falknor, Falknor & Emory,* for respondents.

[1]Reported in 246 Pac. 944.

MAIN, J.—This action was brought to recover damages to an automobile and for personal injuries to the plaintiff Mrs. Ellis. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiffs in the sum of three hundred twenty dollars. The defendant made a motion for judgment notwithstanding the verdict and, in the alternative, for a new trial, both of which were overruled. Judgment was entered on the verdict, from which the defendant appeals.

The accident happened during the afternoon of December 14, 1924, at the intersection of University Way and Ravenna Boulevard, in the city of Seattle. University Way extends north and south and Ravenna Boulevard east and west. An automobile, owned by the respondents and driven by their son Ward Ellis, was proceeding east on Ravenna Boulevard, and approached the intersection of these two streets at a speed of about twenty miles an hour. At the time of entering the intersection, or just before he shifted the gear into intermediate, he glanced or looked to the right and saw the appellant's automobile approaching from the south on University Way, about one hundred and fifty feet distant. He then proceeded across the intersection at a speed of fifteen miles an hour. When the front wheels of the automobile had reached what would be the east curb line, if extended into the intersection, the rear right of the car was struck by the automobile of the appellant.

[1] As to the speed of the respective automobiles, which one entered the intersection first, and the manner of the happening of the accident, the evidence is in dispute. The appellant's principal contention, if we have correctly gathered his argument, is that the driver of the automobile owned by the respondents

was guilty of contributory negligence, as a matter of law, in crossing the intersection without again looking in the direction from which the appellant's car was approaching. We think, however, that the question was one of fact for the jury, and not one of law for the court. If the evidence offered on behalf of the respondents was accepted by the jury, as apparently it was, their car entered the intersection first and had ample time to cross, had the on-coming car been approaching at a lawful rate of speed. Some point appears to be made of the fact that Ward Ellis testified that, as he approached the intersection, he glanced to the right, instead of looked. This is rather a refined distinction and is immaterial, because the important fact was that he testified that he saw the automobile approaching from the south.

[2] It is also suggested that recovery should be denied, because the car of the respondents crossed the intersection at fifteen miles an hour, when the lawful rate of speed was twelve. It is apparent that the speed of the car, if the facts are as testified to by the witnesses for the respondents, was not a contributing cause to the accident, and would not furnish a reason for taking the case from the jury. *Greater Motors Corporation v. Metropolitan Taxi Co.*, 115 Wash. 451, 197 Pac. 327.

The cases of *Johnson v. Washington Water Power Co.*, 73 Wash. 616, 132 Pac. 392; *Beeman v. Puget Sound Traction, L. & P. Co.*, 79 Wash. 137, 139 Pac. 1087, and *Knight v. Seattle*, 128 Wash. 246, 222 Pac. 471, cited by the appellant, are not controlling. In each of those cases, the plaintiff, knowing of the approach of a street car, attempted to cross the tracks without taking proper precaution for his safety.

In the present case, when the respondents' car entered the intersection, the appellant's car was one hundred and fifty feet distant. It cannot be said as a matter of law that Ward Ellis, in failing to look to the right again after entering the intersection, was guilty of contributory negligence as a matter of law.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, MACKINTOSH, and PARKER, JJ., concur.