[No. 20158. Department One. February 14, 1927.]

F. J. STIDELL, *Respondent*, v. GLENN H. DAVIDSON *et al.,
Appellants.*[1]

[1] PLEADING (191)—ALLEGATIONS AND PROOF—FAILURE OF PROOF. Judgment against the alleged driver of a car for damages in a collision is unwarranted where there is no proof that she owned the car, and she was not driving or present in the car at the time of the collision.

[2] MUNICIPAL CORPORATIONS (379, 389)—USE OF STREETS—MUTUAL RIGHTS AT CROSSINGS—EVIDENCE OF NEGLIGENCE—SUFFICIENCY. It is error to give plaintiff judgment for damages to his automobile, in a collision at a street intersection, on the theory that he had the right of way because he first entered the intersection, when he approached and entered the intersection at an unlawful rate of speed without complying with Rem. Comp. Stat., § 6340, which required him to "look out for and give right of way to vehicles on their right, simultaneously approaching a given point"; and it conclusively appeared that the defendant's car, driven very slowly on its side of the road, was violently struck on its left front fender by the right wheel of plaintiff's car.

Appeal from a judgment of the superior court for King county, Hawkins, J., entered October 24, 1925, upon findings in favor of the plaintiff, in an action for damages sustained in an automobile collision, tried to the court. Reversed.

*Bullitt & Kahin,* for appellants.
*Chas. W. Johnson,* for respondent.

MITCHELL, J.—A Hupmobile sedan belonging to and driven by F. J. Stidell collided with a Cadillac touring

[1]Reported in 253 Pac. 458.

car belonging to Glenn H. Davidson, driven by his daughter Katherine, in the intersection of Western avenue and Spring street in Seattle. Both cars were damaged. Mr. Stidell sued Mr. Davidson and his daughter Barbara, alleging that the collision was caused by the negligent driving of the daughter Barbara. She appearing separately denied generally the allegations of the complaint. Mr. Davidson, appearing separately, denied all negligence on the part of the driver of his car and affirmatively alleged damages to his car caused by the negligent driving of plaintiff's car. This affirmative matter was denied by the plaintiff. On the trial without a jury, findings of fact and conclusions of law were entered in favor of the plaintiff against Mr. Davidson and his daughter Barbara. Written exceptions to the findings were duly made and filed. Findings of fact proposed by the defendants were denied and exceptions taken and filed. Defendants' motion for a new trial was denied. The defendants have appealed from the judgment in favor of the plaintiff.

[1] We are unable to understand why there was any finding or judgment against Barbara Davidson. There is not in the whole record a particle of proof that she owned or had any interest whatever in the Cadillac car. It belonged to her father. Nor is there any proof that she was in any way connected with the purpose for which the car was being used at the time of the accident. There was no proof that she was in the car. On the contrary, the car was being driven by her sister Katherine. The judgment against her is wholly without foundation.

[2] The collision occurred in the day time. There was no other traffic in the vicinity. Western avenue runs north and is crossed at right angles by Spring street. Respondent's car was going northerly on the

east side of Western avenue. Appellant's car was going westerly on the north side of Spring street. The cars collided shortly after appellant's car got into the intersection. It appears that the trial court, ignoring the proof on behalf of the appellant, adopted the theory and proof on behalf of the respondent. The court found

"That the plaintiff F. J. Stidell first entered the intersection at this corner and was entitled to the right of way, which the driver of the defendant's car failed to concede, and that such failure was the cause of the collision."

Manifestly it was upon this finding that the conclusion and judgment for the respondent were given. As already stated, exception was taken to the finding. Rem. Comp. Stat., § 1736 [P. C. § 7321], provides that, in an action, legal or equitable, tried by the court without a jury, wherein a statement of facts or bill of exceptions shall have been certified,

"The evidence of facts shown by such bill of exceptions or statement of facts shall be examined by the supreme court *de novo*, so far as the findings of fact or refusal to make findings based thereon shall have been excepted to."

The rule applies here, we try the case *de novo*. In a number of cases, including the recent ones of *Swift v. Starrett*, 117 Wash. 188, 200 Pac. 1108, and *Barry v. Murray*, 131 Wash. 670, 231 Pac. 10, we have held that, while we will hesitate to disturb findings of the trial court, nevertheless they do not conclude us in our consideration of the facts. Now if it be admitted that we should follow the finding above referred to, supported by the testimony of the respondent and a companion who was riding with him, but positively denied by the driver of the appellant's car and a girl companion riding with her and also by

the testimony of three wholly disinterested witnesses, it would not be decisive of this case.

There is other important testimony overwhelmingly in favor of the appellant, upon which the court made no finding that is controlling, in our opinion, under the law applicable to the case. It centers largely around the speed of the cars with reference to the place of the collision. Respondent and his companion admitted a probable speed of respondent's car of fifteen miles per hour in the intersection. Rem. Comp. Stat., § 6339 [P. C. § 219], makes it unlawful to drive over or across any street intersection within the corporate limits of any city or town at a rate of speed faster than twelve miles per hour or at a rate of speed that will endanger the property of another or the life or limb of any person. There was no testimony on behalf of the respondent as to the speed of appellant's car.

On the other side, the driver of appellant's car and her companion testified that they slowed down to six or eight miles an hour on approaching and entering the intersection, and two other witnesses, wholly disinterested, said it was driven very slowly. The driver of appellant's car and three other witnesses testified that respondent's car was going very fast, they variously estimated its speed at twenty-five to thirty-five miles an hour. The companion of the driver of appellant's car did not estimate the speed of respondent's car except that it was going very fast. Respondent's car was driven straight ahead without any attempt to avoid a collision. The driver of the appellant's car and her companion both testified that, in approaching the intersection and when near to it, they looked to the south but saw no traffic aproaching within their view, limited by a building immediately in the southeast corner of the street intersection, that then they looked

to the right and in a few seconds, upon observing respondent's car within about twenty feet, the driver turned appellant's car to the right to avoid a collision, but without success. Appellant's car was struck under the left front fender, bending it upward. It was knocked over to a position a little north of the northeast corner of the intersection, while the respondent's car with its right front wheel broken completely off continued one hundred feet, by measurement, northerly on Western avenue before it stopped. These facts, upon which the court made no finding, are decidedly against the respondent.

In some of our cases that arose prior to the act of 1921, Rem. Comp. Stat., § 6340 [P. C. § 222], consideration was given to ordinances having a provision such as is mentioned in Sinclair v. Wiles & Foy, 116 Wash. 409, 199 Pac. 725, among other cases, to the effect that the vehicle first entering a street intersection has the right of way. Still other cases such as Groeschell v. Washington Chocolate Co., 128 Wash. 589, 224 Pac. 19, discuss the same ordinance rule in connection with the statute above referred to and, while the statute was not given effect in that case, it will be noticed that, upon the facts, this court concluded the cars involved in that case did not simultaneously approach a given point, but that when respondent's car reached the intersection the offending truck of the appellant was about half a block away.

Subdivision 6, § 6340, Rem. Comp. Stat. [P. C. § 222], just above referred to, is a new law. It provides:

"Drivers, when approaching highway intersections, shall look out for and give right of way to vehicles on their right, simultaneously approaching a given point: . . ."

The statute covers this case precisely. Both drivers were approaching the intersection, and certainly the

respondent will not be permitted to say that the cars were not simultaneously approaching a given point when he, greatly exceeding the lawful rate of speed and without taking any precaution whatever, did collide with appellant's car approaching from the right, after precaution on the part of the driver of appellant's car and upon its approaching at a reasonable and lawful speed not to exceed one-third or one-fourth of the speed maintained by the respondent's car. It was respondent's duty under the statute to "look out for and give right of way to" appellant's car. This statute has been under consideration in a number of our cases and in *Radford v. Seattle,* 127 Wash. 445, 221 Pac. 597, we said:

"In the recent cases of *Snyder v. Smith,* 124 Wash. 21, 213 Pac. 682; *Dodge v. Salinger, supra;* and *Sparling v. Seattle,* 126 Wash. 444, 218 Pac. 200, the statute in question has been under consideration and the rule attempted to be announced that the person approaching an intersection on the left who does not look out for the simultaneous approach of vehicles on his right is guilty of negligence, or if, having looked and noted the simultaneous approach of the vehicle on the right, refused then to cede the right of way, he is guilty of negligence; . . ."

Other cases to the same effect are *Sliter v. Clark,* 127 Wash. 406, 220 Pac. 785, and *Bacon v. Varney,* 128 Wash. 472, 223 Pac. 322.

The case of *Romano v. Dulmage Motor Co.,* 119 Wash. 347, 205 Pac. 8, is directly in point. That case arose under an ordinance of Seattle, which for the purpose of the case was the same as our present statute. The collision was at a street intersection. Respondent was going west and approached the intersection at a lawful rate of speed. Appellant's car was going north. The opinion states:

"On approaching the intersection, the respondent looked south by a building on the southeast corner of the intersection, and seeing no car coming from that direction, she then looked north, and in a moment of time the cars collided, that of the appellant being driven at a high rate of speed."

The provision of the ordinance was quoted and, in affirming the judgment, we held that, if the law had been obeyed, the collision would not have happened, the fault of the driver of appellant's car was the cause of the accident. The same is true in the present case. Respondent's failure to observe and comply with the statute constituted negligence on his part that was directly related to and, in our opinion, constituted the proximate cause of the collision and resultant damage.

Upon the question of damages to the automobile suffered by the appellant the evidence is clear and certain. There is no dispute whatever that it amounted to as much as $464.

The judgment appealed from is reversed, and the cause remanded with directions to the trial court to set it aside and enter a judgment in favor of the appellant Glenn H. Davidson against the respondent F. J. Stidell in the sum of $464.

TOLMAN, MAIN, and FULLERTON, JJ., concur.