[No. 20997.  Department Two.  April 9, 1928.]

GEORGE H. DAY, *Respondent,* v. H. L. POLLEY *et al.,*
*Appellants.*[1]

[1] MUNICIPAL CORPORATIONS (379, 390)—MUTUAL RIGHTS OF VEHI-. CLES AT INTERSECTIONS—NEGLIGENCE—QUESTION FOR JURY. Negligence in striking the rear end of another car, which was three-quarters of the way across the intersection, and driven slowly, is a question for the jury where it appears, from the force of the collision and the distance defendants' car was from the intersection when first seen, that defendants' car was driven at an unlawful speed and that plaintiff's car first entered the inter-section.

[2] SAME (381, 384)—SPEED—PROXIMATE CAUSE. The speed of plaintiff's car at a crossing is not a contributing cause to a collision, when it was violently struck in the rear after it was three-quarters of the way across the intersection, by a car just entering the intersection from the cross street.

[3] SAME (379)—COLLISION AT CROSSING—RIGHT OF WAY. The one first entering an intersection has the right of way over cars approaching from either the right or left, hence contributory negligence cannot be asserted on failing, after having entered the intersection, to see and give way to a car approaching from the right.

· Appeal from a judgment of the superior court for Spokane county, Jeffers, J., entered July 12, 1927, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed. ·

*James A. Brown* and *Post & Russell,* for appellants.

*O. C. Moore,* for respondent.

[1]Reported in 266 Pac. 169.

HOLCOMB, J.—The automobile collision, resulting in the action of respondent against appellants and the recovery by respondent of a substantial amount in damages, occurred at the corner of Fourth avenue and Walnut street in Spokane, at about ten o'clock p. m. on December 24, 1926. The weather was cold and the streets in that locality were covered with some snow and ice. The witness for appellants contended there were ruts in solid ice on Fourth avenue, on which he was driving the car belonging to appellants, three or four inches deep. The evidence for respondent was that either the witnesses did not notice snow or ice of any considerable depth, or in one instance, that there was ice about an inch deep.

Respondent was driving southerly on Walnut street in a Velie touring car approaching Fourth avenue, which runs east and west across Walnut street. With him in his car were his wife, his daughter and mother-in-law. He and his wife testified that he had no curtain on the right front part of his car at that time and had not had for about two years. The photographic exhibit in the record, which respondent testified showed the car in the same condition a short time previous to the time of the trial as it was in immediately after the wreck by the collision, shows that the rear wheels of the Velie car had chains on them. Appellants' car had no chains on. When respondent approached Walnut street, he was going fifteen or sixteen miles an hour, and continued across the street at that rate of speed until the collision occurred. When a short distance from the intersection of Fourth avenue and Walnut street, where a good view could be had to his right along the north curb of Fourth avenue and west of Walnut street, he looked to his right down Walnut street to the west and saw a car approaching, as he judged, about one-half down the block to the west or

about one hundred fifty feet from the intersection. Respondent was driving at a distance of about six feet from the west curb line of Walnut street extended across Fourth avenue.

There are double tracks of a street car line in Walnut street from the north until Fourth avenue is reached, when they turn west into Fourth avenue. They do not make a sharp curve in the center of the intersection, but make a more gradual curve by curving near to the corner of the intersection. The streets intersecting each other there are both fifty feet wide. Respondent's evidence was that, after seeing the car of appellants about one hundred fifty feet away, he proceeded, and was struck when about three fourths of the distance across the intersection, at about ten feet from the southwest corner of the intersection. His car was struck on the right rear, breaking the right rear wheel completely off, crumpling the right fender and otherwise damaging the rear part of the car and throwing the car entirely across Fourth avenue against the curb some distance south of the southeast corner of the intersection, facing in the opposite direction to that in which it had been traveling. The car of appellants was brought to a stop on Fourth avenue, a short distance east of the southeast corner of the intersection.

The car of appellants was driven by Polley. He testified that he saw the lights of respondent's car when he was at a distance of from fifty to seventy-five feet from the intersection. He said he applied the emergency brake of the car he was driving, but that, on account of the snow and ice and being in icy ruts, he could not stop the car.

The evidence on behalf of respondent was all to the effect that respondent's car had completely crossed both street car tracks when struck. It must have been

at least three-fourths of the way across the intersection.

Respondent charged negligence on the part of appellants in that Polley was driving the car belonging to appellants without signal or warning and at an excessive rate of speed in violation of the state law and of § 37 of ordinance No. C-3158 of Spokane relating to the operation of vehicles at the intersections of public highways.

The answer charged contributory negligence on the part of respondent, in that he was operating his automobile in a negligent manner and in violation of the ordinance of Spokane and the state law, in that he crossed the street intersection at a rate of speed greater than twelve miles per hour, and also that he failed to give right of way to a vehicle on his right when approaching a highway intersection, which vehicle was simultaneously approaching a given point.

The reply admitted the state law and the ordinance of Spokane as pleaded, but denied violation of the terms thereof.

At the close of respondent's case, appellants challenged the sufficiency of the evidence and moved for judgment in their favor, which were denied. After appellants had introduced their evidence in defense, they renewed their challenge to the sufficiency of the evidence and motion for judgment in their favor, which were denied.

After judgment had been entered on the verdict, motion for a new trial and also for a motion notwithstanding the verdict were duly filed, but, later, appellants waived the motion for a new trial and urged that the motion for judgment n. o. v. should be granted.

All of the assignments of error by appellants involve only the sufficiency of the evidence to sustain any verdict and judgment against them.

[1]   It is first insisted that respondent was negligent in violating the state statute and the city ordinance by crossing an intersection of two highways at a rate of speed greater than twelve miles per hour. (Laws of 1923, ch. 181, § 6, p. 601, Rem. 1927 Sup., § 6339). Appellants also contend that respondent was guilty of negligence in failing to give right of way to a car simultaneously approaching a given point in the intersection from the right, in violation of the state law and the city ordinance as pleaded. (Laws of 1923, p. 604, § 7, subd. 6, Rem. 1927 Sup., § 6340).

Appellants assert that respondent did not, nor did anyone else in his behalf, testify to the rate of speed at which appellants' car was driven. It is therefore asserted that the testimony of the driver, Polley, that he was driving at a moderate speed, about twenty-five miles per hour, stands uncontradicted. The jury were not bound to believe the testimony of Polley, an interested witness, even though uncontradicted. But there is positive evidence by respondent's wife that she saw the lights of the car, evidently that of appellants', about half a block away, west on Fourth avenue, and that it seemed impossible for that car to strike them unless it was going about one hundred miles an hour. Moreover, the testimony of respondent, which must be considered as true since the jury so considered it, was that he saw the car of appellants about that same distance away, that he was three-fourths of the way across the intersection when struck, and the evidence as to how far his car was hurled by the impact is very persuasive evidence of the rate of speed of the car by which his car was struck. And again, these facts were for the jury. *Groeschell v. Washington Chocolate Co.,* 128 Wash. 589, 224 Pac. 19; *Hoyt v. Wilson,* 132 Wash. 423, 231 Pac. 947; *Stidell v. Davidson,* 142 Wash. 348,

253 Pac. 458; *Novotney v. Thompson,* 144 Wash. 155, 257 Pac. 236.

In the last cited case, where we held it a matter for the jury, the situation disclosed by plaintiff's evidence was very similar to that here. There it was shown that the driver of the car approached an intersection at a speed of from twelve to fifteen miles an hour and, when two-thirds across it, was struck by the defendant's automobile. There also the witnesses in the car in which plaintiff was riding saw the car of defendant approaching one hundred seventy-five to one hundred eighty feet distant. The evidence further shows that the car in which plaintiff was riding entered the intersection first and was crossing the same when the other car struck it.

[2] Appellants further contend that contributory negligence on the part of respondent was established, because respondent estimated the speed of his car in crossing the intersection at fifteen or sixteen miles per hour, or, an unlawful speed; citing *Romano v. Dulmage Motor Co.,* 119 Wash. 347, 205 Pac. 8; *Snyder v. Smith,* 124 Wash. 21, 213 Pac. 682; *Dodge v. Salinger,* 126 Wash. 237, 217 Pac. 1014; *Sliter v. Clark,* 127 Wash. 406, 220 Pac. 785; *Stidell v. Davidson,* 142 Wash. 348, 253 Pac. 458.

Those cases all had more pronounced facts to show contributory negligence.

It is evident that the speed of the car of respondent, if the facts are as testified to on behalf of respondent, was not a contributory cause to the accident. At least it would not furnish a reason for taking the case from the jury. *Greater Motors Corporation v. Metropolitan Taxi Co.,* 115 Wash. 451, 197 Pac. 327; *White v. Kline,* 119 Wash. 45, 204 Pac. 796; *Ellis v. Olson,* 139 Wash. 351, 246 Pac. 944.

[3]   Appellants also contend that respondent's contributory negligence was established by the fact that he did not look to his right, at the time he entered the intersection or after entering it, but continued to drive straight across.   It is insisted that, had he looked to his right, he must have seen the car of appellants approaching from the right, and it is therefore asserted that appellants had the right of way, because both were then approaching a given point.

The cases of *Novotney v. Thompson* and *Ellis v. Olson, supra,* dispose of this contention.   See, also, *Hirst v. Standard Oil Co.,* 145 Wash. 597, 261 Pac. 405. In the last cited case, we sustained an instruction and thus confirmed the statutory rule, to which we wish to call attention, that the one entering the intersection first has the right of way over a car entering the intersection later, whether on the right or the left.

Since the only question before us is whether there is sufficient evidence to sustain the verdict and judgment, or whether a judgment n. o. v. should be granted, we are bound to say that there is sufficient evidence to sustain the verdict and judgment under our decisions, only the more recent of which have been cited.

The judgment is therefore affirmed.

MACKINTOSH, C. J., FULLERTON, MAIN, and ASKREN, JJ., concur.