[No. 15458.  Department One.  January 9, 1920.]

## L. Noot, *Respondent*, v. S. Hunter, *Appellant*.[1]

MUNICIPAL CORPORATIONS (379-383, 391) — USE OF STREETS — COLLISION AT CROSSING—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. The driver of an automobile in collision with a truck at a street intersection, is guilty of contributory negligence precluding any recovery, where he was violating the speed limit and also the ordinance giving the right of way to vehicles on the right when approaching street intersections, and the driver of the truck, having the right of way, had a right to rely on the other's observance of the ordinance.

Appeal from a judgment of the superior court for King county, Hall, J., entered April 1, 1919, upon findings in favor of the plaintiff, in an action in tort, tried to the court. Reversed.

*Peters & Powell,* for appellant.

*Morris B. Sachs* and *W. R. Crawford,* for respondent.

MITCHELL, J. — This action involves a claim for property damage, and arose out of a collision between plaintiff's passenger automobile and defendant's motor truck, in the intersection of Atlantic street and Railroad avenue, in the city of Seattle. The cause was tried to the court without a jury, and defendant has appealed from a judgment in favor of plaintiff.

The collision occurred in the daytime. Respondent's driver was familiar with the scene of the accident, admitting having passed along there more than a hundred times. Railroad avenue runs north and south and on the east side thereof there existed an overhead trestle extended upon piles to accommodate a street railway. Atlantic street runs towards the west into, but not beyond, the west boundary of the avenue. As

[1] Reported in 186 Pac. 851.

it intersects the avenue on the east side, Atlantic street is divided by bents of piling supporting the trestle into what may be termed two branches, each passing under the trestle, the south branch being used in travel on Atlantic street turning south on the avenue, the other for travel to the north. Appellant's truck, running westerly along Atlantic street, intended to be driven south on the avenue, passed along the north side of the south branch of the street and entered the avenue at a speed of five or six miles an hour, as it satisfactorily appears from all the evidence, and running at right angles, crossed the avenue and collided with the automobile on the west side of the avenue.

At the time of the collision, it appears there was a space of fifteen to twenty feet between the rear of the truck and east margin of the roadway of the avenue. Respondent's automobile was going north on the east side of the avenue and, according to the testimony, lacked from twenty to one hundred feet of reaching the intersection at the time the truck entered it. Instead of controlling his car and keeping to the right, passing the truck in the rear, respondent's driver veered off to his left as if attempting to pass around in front of the truck, at a speed estimated by witnesses at from eighteen to thirty miles an hour, until stopped by the collision. Respondent's driver admitted he lacked as much as twenty feet of reaching the intersection after he noticed appellant's truck had entered it; and he also admitted his speed within the intersection was eighteen miles an hour until he applied his brakes just at the moment of the collision.

By § 16, ch. 155, Laws of 1917, p. 638, one is prohibited from driving a motor car faster than twelve miles an hour at any crossing within the main and thickly settled business portion of any city. It is alleged in the answer, and not denied in the reply, that

the intersection of Atlantic street and Railroad avenue is in the main and thickly settled business portion of Seattle. Also § 49 of the traffic ordinance of the city, affirmatively plead in the answer and not denied by the reply, provides:

"The driver shall look out for and give right of way to vehicles simultaneously approaching the street intersection from their right."

The statute and ordinance were both violated by respondent's driver. The truck, entering the intersection first on the right-hand side of respondent's automobile, had the right of way. It was the duty of the driver of respondent's automobile to have looked out for the truck and conceded it the right of way. The truck driver had the right to assume he would do this, and had no notice to the contrary until so late that even by the use of his brakes the collision could not be avoided.

We are satisfied the negligence of respondent and not that of appellant caused the damage.

Reversed, with directions to enter judgment in favor of the appellant.

. HOLCOMB, C. J., MACKINTOSH, PARKER, and MAIN, JJ., concur.