[No. 16098. Department Two. April 15, 1921.]

## GREATER MOTORS CORPORATION, *Respondent*, v. METROPOLITAN TAXI COMPANY, *Appellant*.[1]

MUNICIPAL CORPORATIONS (379, 380)—USE OF STREETS—AUTOMO-BILES—ACCIDENT AT CROSSINGS—NEGLIGENCE—VIOLATION OF ORDINANCE. Where two motor cars, both exceeding the speed limit in approaching a street intersection at practically right angles, collided, the contributory negligence of the driver having the right of way by reason of first entering the intersection, would not debar the owner from recovering damages for injuries caused, if there was no causal connection between the driver's negligence and the accident.

Appeal from a judgment of the superior court for King county, Ronald, J., entered May 4, 1920, upon findings in favor of the plaintiff, in an action for damages sustained in an automobile collision, tried to the court. Affirmed.

*J. Speed Smith* and *Henry Elliott, Jr.*, for appellant.

*Bausman, Oldham, Bullitt & Eggerman* and *Walter L. Nossaman*, for respondent.

MAIN, J.—This action was brought by the plaintiff to recover damages to an automobile owned by it, claimed to be due to negligence chargeable to the defendant. The cause was tried to the court without a jury and resulted in findings of fact, conclusions of law and a judgment sustaining the plaintiff's right to recover. From this judgment the defendant appeals.

The accident occurred at the intersection of Ninth avenue and Madison street, in the city of Seattle. While not strictly accurate, it may be said that Madison street extends east and west and Ninth avenue north and south. On the fifth day of May, 1919, a Hudson automobile, driven by an employee of the appel-

[1]Reported in 197 Pac. 327.

lant, was proceeding south on Ninth avenue. It entered the intersection of the two streets mentioned at about the middle of Ninth avenue and continued in the same direction. A Packard automobile, driven by an employee of the respondent, was proceeding east on Madison street and entered the intersection on the south side of that street. The front of the Hudson automobile struck the rear left wheel of the Packard, while the latter car was proceeding across the intersection on the south side of Madison street.

The pivotal point in the case is, which car entered the intersection first? Both cars were traveling at the time at a greater rate of speed than the ordinance permitted. The Hudson car was in the center of the street, while the ordinance required that the car be driven as near the right-hand curb as practicable. Upon the question as to which car entered the intersection first, the evidence is conflicting. The trial court found that the Packard automobile owned by the respondent first entered the intersection. If this be the fact, then the Packard car had the right of way. The fact that it was proceeding at a greater rate of speed than that fixed by the ordinance would not prevent a recovery, providing the driver of the Hudson automobile was guilty of negligence which proximately caused the accident and that there was no causal connection between the negligence of the driver of the Packard in exceeding the speed limit and the accident. *Bullis v. Ball*, 98 Wash. 342, 167 Pac. 942; *Reed v. Tacoma R. & P. Co.*, 110 Wash. 334, 188 Pac. 409.

An ordinance of the city of Seattle in effect at the time of the collision, required drivers of automobiles to look out for and give the right of way to vehicles simultaneously approaching a street intersection from the right. The trial court found that the driver of the

Hudson automobile did not look out for and give the right of way to the Packard, to which the latter car was entitled under the ordinance. Had the Hudson car been proceeding as near the right curb as practicable, as the ordinance required, and had the driver of that car given attention to cars entering the intersection upon his right, the accident would not have occurred. Had the Hudson car been on the west side of the street, the Packard driver would have had an opportunity to clear and it would have passed behind him. The fact that the Packard car entered the intersection first did not absolve the driver of that car from the exercise of due care. The right of an automobile driver who has the right of way is not exclusive but is at all times relative and subject to the common law doctrine that the right must be so used as not to injure another. *Paulsen v. Klinge,* 92 N. J. L. 99, 104 Atl. 95. *Ray v. Brannon,* 196 Ala. 113, 72 South. 16.

While the Packard automobile, in crossing the intersection, was exceeding the speed limit, and the driver thereof was negligent, there is no causal connection between this negligence and the accident. That car having entered the intersection first, the speed of the car would tend to avoid rather than contribute to the collision. The speed of the Hudson, as well as the failure of the driver to keep as near the right-hand curb as practicable and look out for cars on the right, was what proximately caused the collision.

The judgment will be affirmed.

PARKER, C. J., MITCHELL, TOLMAN, and MOUNT, JJ., concur.