[No. 16961. Department Two. March 17, 1922.]

CARRIE A. OLIVER *et al., Respondents,* v. E. R. TAYLOR *et al., Appellants.*[1]

MUNICIPAL CORPORATIONS (379, 383)—USE OF STREETS—MUTUAL RIGHTS AT INTERSECTIONS—CONTRIBUTORY NEGLIGENCE. The driver of a truck first entering a street intersection, and colliding with a Ford, is nevertheless guilty of contributory negligence, where he saw the Ford approaching from the right, at a high rate of speed, in time to have stopped, but veered to the left without slackening his speed, and there would have been no collision if he had either stopped or continued his course across the street; the right of way not being absolute but relative.

NEW TRIAL (16)—GROUNDS—MISCONDUCT OF JURY—MANNER OF ARRIVING AT VERDICT. A new trial on the ground of misconduct in a quotient verdict is properly denied where the jurors made oath that there was no agreement to abide by the quotient, and it appears that the verdict rendered was not a quotient of the sums each juror voted for.

TRIAL (50)—CONDUCT OF COUNSEL—RETALIATORY REMARKS. Error cannot be predicated upon argument of counsel responsive to statements made by counsel, which the jury were instructed to disregard.

MUNICIPAL CORPORATIONS (380, 388)—USE OF STREETS—ORDINANCES—EVIDENCE. It is not error to admit an ordinance relative to the duty of automobile drivers simultaneously reaching street intersections, where the speed of one furthest away was such as to constitute simultaneous approach.

DAMAGES (80)—EXCESSIVE DAMAGES—INJURY TO PERSON. A verdict for $4,000 for personal injuries sustained in an automobile collision is not excessive, where plaintiff was severely bruised, bones were broken, her vision permanently impaired, she was long in a hospital and will require medical attention for the rest of her life.

APPEAL (465)—HARMLESS ERROR—INSTRUCTIONS—CURE BY VERDICT. Error cannot be predicated upon failure of the instructions to limit the recovery to the amount claimed in the complaint where the verdict was within the sum.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered July 21, 1921, upon the verdict of a jury rendered in favor of the plaintiffs, in an action in tort. Affirmed.

[1]Reported in 205 Pac. 746.

*Roberts & Skeel* and *N. A. Pearson,* for appellants.
*Cooley, Horan & Mulvihill,* for respondents.

Hovey, J.—This is an action for personal injuries sustained by respondent Carrie A. Oliver, from a truck belonging to appellants. The case was tried to a jury, which rendered a verdict for $4,000, and from the judgment upon this verdict, this appeal is prosecuted.

The first question raised is the sufficiency of the testimony to sustain any recovery whatever.

The accident occurred in the city of Everett, at the intersection of California and Lombard streets. California street runs east and west and is fifty-two feet wide between curbs. Lombard street runs north and south and is forty feet between the curbs. There is a sewer manhole in the center of the intersection of these streets. Counsel have supplied the court with an excellent map, drawn on a large scale. The point on the north side of California street, about ten feet from the east line of the intersection and near the curb, is indicated by the letter "B." A point about five feet south of the manhole in the center of the intersection is indicated by the letter "E." The truck belonging to appellants weighed 4,100 pounds and was operated by a driver eighteen years of age, who had with him in the seat two young ladies. He was traveling west on California street at a speed estimated by him at twelve miles per hour. At point "E" he could, and did, see across on Lombard street for a distance of sixty feet from the intersection, where a Ford car, operated by one Frolich, was approaching the intersection at a high rate of speed. From the point "B," the driver of the truck veered to his left, and, according to the witnesses for the plaintiff, pursued a straight course diagonally across the intersection, without slackening speed, to the point "E". The

Ford continued in a straight course to the south, and struck the rear end of the truck on the latter's right hind wheel. The rear of the truck then whirled to its left and its end gate overlapped the sidewalk at the southwest corner of the intersection, and struck the plaintiff, who had just crossed the street from the north to the south side of California street, and who was in view of the driver of the truck from the time she reached the center of the street in crossing it.

There is much less controversy in the testimony than is usual in cases of this kind. The driver of the truck admits that he pursued substantially the course claimed by the plaintiff, and that, to avoid the Ford, he commenced angling before he ever entered the intersection; he further says that he speeded up the truck towards the last to avoid the collision. He admits that he made no effort to stop the truck, although he testified, in one place he could stop it at this speed in the distance of ten feet. This statement he afterwards qualified with respect to a slippery pavement. It is undisputed that the pavement was slippery and that it was a rainy afternoon.

The main contention of appellant seems to be that the truck was first in the intersection and had the right of way, and that the driver did all that he could to avoid the injury. The evidence indicates that the primary negligence was that of the driver of the automobile, but we think the jury were fully justified in concluding that the driver of the truck was also negligent. There was testimony on behalf of plaintiff that, if the truck had proceeded straight across the intersection, there would have been no collision, and it is plainly apparent that the driver of the truck could have avoided the injury by stopping at any time before he reached the center of the intersection. The fact that the truck was in the intersection first did not give

it the right to proceed without using reasonable care; there was also the other duty upon the driver of observing traffic approaching from the right. As we said in *Greater Motors Corporation v. Metropolitan Taxi Co.*, 115 Wash. 451, 197 Pac. 327:

"The right of an automobile driver who has the right of way is not exclusive but is at all times relative and subject to the common law doctrine that the right must be so used as not to injure another."

Whether the driver was negligent in this case was a question for the jury.

The second ground argued is irregularity and misconduct of the jury. The appellants, on their motion for new trial, presented affidavits of several jurors to the effect that a quotient verdict was rendered under an agreement to abide by the same in advance. Opposed to these were the affidavits from the same jurors to the effect that there was no agreement in advance to abide with the quotient verdict, and that any such statements contained in their previous affidavits were without their knowledge. It is also indicated by the opposing affidavits that the verdict rendered is not the quotient of the sums each juror was willing to award. We think the trial court did not abuse its discretion in refusing a new trial upon this ground.

Error is also predicated upon the remarks of counsel for the respondent in his address to the jury, but the remarks complained of appear to have been invited by, and responsive to, statements made by counsel for the appellant, and the jury were instructed to disregard them.

Error is claimed because an ordinance of the city of Everett was introduced relative to the duty of the driver of an automobile to give way to traffic approaching from the right where two vehicles simul-

taneously approach a street intersection. Because of the greater speed of the automobile in this case, we are not prepared to say that it would not be so close to the intersection, at the time that the truck reached its side of the intersection, as not to constitute simultaneous approach.

Appellant contends that the damages allowed in this cause are excessive. The plaintiff was thrown to the pavement by the blow of the truck and did not recover consciousness until the next day. She was in the hospital for several weeks, and under the doctor's immediate care considerably longer. She suffered a permanent injury to one of her eyes which will interfere with her vision. She was severely bruised, had two fractured ribs, and a fracture to a bone in the head. As a result of the injury, she developed neuritis in her right forearm and in the left side of her chest, and her doctor testified that she would require medical attention for the rest of her life. Her bills for medical treatment and hospital service up to the time of trial were in excess of $300, and we are not prepared to say that the balance of the recovery is unreasonable, when we consider the injury sustained.

Error is also predicated on the failure of the trial court to instruct the jury that the limit of recovery would be $5,000, the amount demanded in the complaint. As the recovery was within this sum, this error does not seem to be material.

We have investigated the other errors assigned as to the introduction of testimony and the instructions, and so far as they are not covered by what we have already said, we do not deem them of moment.

Judgment affirmed.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.