[No. 17144. Department One. October 6, 1922.]

MARY N. FOLEY, *Respondent,* v. E. R. TAYLOR *et al.,*
*Appellants.*[1]

MUNICIPAL CORPORATIONS (379, 390)—USE OF STREETS—COLLISION
AT CROSSING—NEGLIGENCE—QUESTION FOR JURY. The negligence of
the driver of a slow truck first reaching a street intersection, is for
the jury, where he increased his speed without due regard to a
faster vehicle approaching from the right, since the right of way
is not absolute but relative, under his duty to observe traffic ap-
proaching from the right.

TRIAL (101)—INSTRUCTIONS—REQUESTS. It is not error to refuse
requested instructions sufficiently covered in the general charge.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered December 12,
1921, upon the verdict of a jury rendered in favor of
the plaintiff, in an action in tort. Affirmed.

*Roberts & Skeel* and *N. A. Pearson,* for appellants.
*Cooley, Horan & Mulvihill,* for respondent.

MITCHELL, J.—This action was brought to recover
for personal injuries alleged to have been caused by
the negligence of the driver of a truck belonging to the
defendants. In all essential particulars the case is sim-
ilar to that of *Oliver v. Taylor,* 119 Wash. 190, 205
Pac. 746. This plaintiff was injured at the same time
and by the same means that Mrs. Oliver was. The jury
in the present case decided for the plaintiff and
awarded her damages in the sum of $3,000. From a
judgment on the verdict, the defendants have appealed.

Supporting the appeal, it is contended that, upon the
facts, there can be no recovery. A very satisfactory
account of the manner and place at which the accident
occurred may be found in the opinion in the *Oliver*

[1] Reported in 209 Pac. 698.

case, *supra,* and many, or nearly all, of the questions now presented are similar to those presented in that case.

Upon attempting to cross a street, the driver of appellants' truck, traveling westward on the north side of the street, promptly observed an automobile approaching from his right on the opposite side of the street the truck was crossing. There is evidence to show that, at the time the driver of the truck first noticed the approaching automobile, he was going twelve miles per hour or faster, and that at once he increased the speed of the truck and turned it somewhat to the south, or, as one witness put it, tried to run around in front of the automobile, with the result of a collision at a point south and west of the center of the intersection of the two streets, causing the truck to strike the respondent as she was stepping upon the curb at the southwest corner of the street intersection. It is insisted by the appellants, upon this feature of the controversy, that as their truck was first within the intersection it had the right of way, and that the proximate cause of injury to the respondent was the primary negligence of the driver of the automobile attributable to his speed, which was greater than that of the driver of the truck; but as said by this court in the *Oliver* case, *supra.*

"The fact that the truck was in the intersection first did not give it the right to proceed without using reasonable care; there was also the other duty upon the driver of observing traffic approaching from the right. As we said in *Greater Motors Corporation v. Metropolitan Taxi Co.,* 115 Wash. 451, 197 Pac. 327:

" 'The right of an automobile driver who has the right of way is not exclusive but is at all times relative and subject to the common law doctrine that the right must be so used as not to injure another.' "

Under the evidence, though disputed as to the speed of the truck, and under the law concerning the speed limit at street crossings, the matter of the negligence of the driver of the truck was a question for the jury.

Instruction number 6, defining the speed limit at street crossings and submitting to the jury the question of whether the truck was being driven in excess of that limit and its relation to the accident, was proper under evidence in the case.

What has already been said with reference to the care required of the driver of the truck, notwithstanding the fact he entered the street intersection first, answers appellants' objections to instruction number 7.

Other instructions complained of were, in our opinion, entirely clear and proper, nor does one of them contain any comment upon the evidence, as argued by appellants.

A large number of instructions were requested by the appellants that were refused. An examination of them shows they were in a large measure sufficiently covered by instructions that were given, and in other respects were not proper under the law already discussed.

Nor is there any merit in the claim that the damages awarded are excessive or appear to have been given under the influence of passion or prejudice. The motions for dismissal, judgment notwithstanding the verdict, directed verdict, and a new trial were all properly denied.

The trial was a fair one. The judgment is affirmed.

PARKER, C. J., TOLMAN, BRIDGES, and FULLERTON, JJ., concur.