LAWRENCE LEIN, Appellee, v. JOHN MORRELL & COMPANY, Appellant.
No. 39395.

APRIL 2, 1929.

*Parsons & Mills* and *John W. Pendy*, for appellant.

*E. S. Tesdell*, for appellee.

KINDIG, J.—Lawrence Lein, the plaintiff and appellee, brought this action against John Morrell & Company, the defendant and appellant, to recover damages caused on January 14, 1927, by the negligence of the latter's agent and driver in carelessly operating a light delivery truck into and against the former's automobile at or near the intersection of Fremont and East Fourteenth Streets in Des Moines. Fremont Street runs east and west, while East Fourteenth extends north and south, and intersects the former at right angles. Appellant's truck was proceeding eastward on Fremont, toward East Fourteenth Street. When entering East Fourteenth Street, appellant's driver cut the corner, and turned north thereon, near the curb at the northwest corner of the intersection. At that time, appellee was going southward on the right side of East Fourteenth Street in a new Chevrolet coupé. So, in order to avoid a head-on collision, appellee attempted to swerve eastward, to the left. In doing this, appellee managed to get the body of his car past the truck; but the right front frame and wheel of the truck struck the right rear of the Chevrolet coupé, whirling it around, and causing its overturn. Because of the impact, appellee received personal injuries, and his automobile was damaged. Hence this suit.

As a defense to appellee's claim, the appellant asserted: First, that it was not guilty of negligence; and second, that the proximate cause of the accident was appellee's own carelessness. A new trial is asked because of various errors assigned. These complaints will now be given consideration.

I. It is first suggested that the court wrongfully overruled appellant's motion to strike "the evidence of appellee and appellee's witnesses with reference to measurements taken, and to the value of appellee's car."

Clearly, this does not raise an issue here. Information is not furnished by appellant concerning that to which it objects.

Under such an assignment, the court is compelled to search the record without a guide, in order to determine what appellant may have in mind. Many times this court has said that such an assignment is not sufficient. *McAdams v. Davis*, 200 Iowa 204; *Monona County v. Gray*, 200 Iowa 1133; *Kroloff v. Southern Sur. Co.*, 197 Iowa 1244; *Brown v. Gray*, 190 Iowa 252; *Holt v. Doty*, 193 Iowa 582; *Ryan Bros. v. Rate*, 203 Iowa 1253. Moreover, the assignment is not followed by brief points.

Nevertheless, we have read the entire record, and failed to find any prejudicial error in the admission of testimony. While on the witness stand, appellant's driver stated facts properly laying the foundation for the measurements about which the general exception is taken. Also, the various witnesses who testified concerning value were properly within the well-known rules relating thereto. This appears fully when the amended abstract is read in connection with the original. Manifestly, there is no basis for reversal here.

II. Grievance is founded upon the proposition that the evidence is not sufficient to sustain appellant's negligence. Obviously, this argument is without merit. In this case there is a dispute concerning many of the material facts which determine whether or not there was negligence. If, then, there is substantial evidence of appellant's carelessness, the cause was properly submitted to the jury. The point of collision was north of the intersection, on East Fourteenth Street. Dispute arises regarding the exact distance. Some witnesses say two, and others five, feet. Furthermore, appellee furnished proof to establish the fact that the appellant's truck came speedily around the corner from the west, turning north into East Fourteenth Street, and while so doing, cut close to the curb on the wrong side of the street. A square turn was not made. Section 5033 of the 1927 Code provides:

"The operator of a motor vehicle, in turning to the right from one street or highway into another, shall turn the corner as near the right hand as practicable, and, in turning to the left from one street or highway into another, shall pass to the right of and beyond the center before turning."

No excuse is offered by appellant in the case at bar for its statutory transgression. Violation of those legislative provisions constitutes prima-facie evidence of negligence, and when, as herein, it was the proximate cause of the injury, will furnish the basis for damages. *Rowley v. City of Cedar Rapids*, 203 Iowa 1245. Therein we said:

"It was alleged, along with other acts of negligence, that the automobile operated by Cary under the direction of the defendant Kennedy was proceeding in an easterly direction on one street, and turned to the north into another street, and that it was negligently turned to the left-hand side of the center of the intersection, 'cutting the corner,' and struck the plaintiff, who was proceeding across the street into which the car turned at the intersection. Section 26 of Chapter 275, Acts of the Thirty-eighth General Assembly (Section 5033, Code of 1924), required that, in making such a turn, the car should pass to the right of and beyond the center of the intersection before turning. A violation of the statute was prima-facie negligence. *Carlson v. Meusberger*, 200 Iowa 65."

With the law thus established, and the facts as contended by appellee, there was sufficient foundation for saying appellant was negligent. Contradictory evidence was presented by appellant concerning what its driver did at the time and place. However, that does not mean that the court was wrong in submitting the cause to the jury. Rather, the very conflict itself furnished the issue upon which the jury was to pass.

Because of the foregoing, appellant's motion for a directed verdict on that ground was properly overruled.

III. Likewise, appellant asserts that it should have had a directed verdict because of appellee's contributory negligence. Basis for this contention is placed upon the theory that appellant, rather than appellee, was entitled to the right of way across the intersection. Section 5035 of the 1927 Code contains this provision:

"Where two vehicles are approaching on any public street or highway so that their paths will intersect and there is danger of collision, the vehicle approaching the other from the right shall have the right of way * * * ."

Upon that legislative enactment appellant seeks to substan-

tiate appellee's contributory negligence. Plainly, however, that law can have no application to the facts and circumstances under consideration, for it is to be remembered the collision occurred before appellee had reached the intersection. He had not yet had an opportunity to yield the right of way. Here the accident did not happen because of appellee's dereliction in failing to give the right of way, but rather, the proximate cause of the unfortunate happening was appellant's recklessness in cutting the corner. Even conceding that appellant had the right of way, that would not mean it could operate its truck on the wrong side of the street, across the corner. On the other hand, appellant, when entitled to the right of way, could, under these facts, proceed, according to the statute, across the middle of East Fourteenth Street, and then turn north thereon. To elucidate, it is enough to say the right of way did not license appellant to unlawfully cut the corner or in any other way travel upon the highway illegally. 42 Corpus Juris 990; 42 Corpus Juris 977; Huddy on Automobiles (8th Ed.) 320, Section 312, and also page 321, Section 313; *Foley v. Taylor*, 121 Wash. 401 (209 Pac. 698); Berry on Automobiles (5th Ed.) 725, Section 946; *Roe v. Kurtz*, 203 Iowa 906; *Syck v. Duluth Street R. Co.*, 146 Minn. 118 (177 N. W. 944); *Primock v. Goldenberg*, 161 Minn. 160 (200 N. W. 920); *Oliver v. Taylor*, 119 Wash. 190 (205 Pac. 746); *Glatz v. Kroeger Bros. Co.*, 168 Wis. 635 (170 N. W. 934).

Consequently, until appellee failed to permit appellant to enjoy the lawful use of the right of way, the former was not guilty of contributory negligence. While lawfully aproaching the intersection, appellee had a right to assume that appellant would not unlawfully use the public way. *Hines v. Chicago, M. & St. P. R. Co.*, 196 Iowa 109.

IV. Yet, notwithstanding the decision reached on the foregoing premise, appellant insists that a directed verdict was due it because appellee was negligent in swerving his automobile to the left, while attempting an avoidance of the impact. We cannot agree with this idea. There was a store building at the northwest corner of this intersection, about 12 or 14 feet west of the corner. That tended to obstruct appellee's view of the approaching truck. Therefore, when appellee first saw the appellant's

vehicle, it was rapidly coming across the wrong side of the intersection, within two and one-half feet of the curbing. According to the record, the truck in fact was going at the estimated speed of 35 miles an hour, directly in the path of appellee's automobile. Ice and snow prevented appellee from instantaneously stopping his car. Because he could not turn to the right, he swerved to the left. About this, appellant has no just cause for complaint. Its negligence placed appellee in the precarious position of unexpected and suddenly arising danger. Resultantly, he had a right to use such means for avoiding the danger as would appeal to a person of ordinary prudence in a like situation. *McPhee v. Lavin*, 183 Cal. 264 (191 Pac. 23); *Noyes v. Katsuno*, 111 Wash. 529 (191 Pac. 419); Berry on Automobiles (5th Ed.) 168, Section 209; Babbitt on The Law Applied to Motor Vehicles 322; 42 Corpus Juris 908, also 1002. The *McPhee* case aptly suggests:

"The plaintiff, in an effort to avoid the threatened collision, speeded up his machine, and turned at an angle to the left. * * * That he cannot be held, as a matter of law, guilty of negligence in doing this, is clear from the well-established rule that one suddenly confronted with an unexpected danger may use such means for avoiding the danger as would appeal to a person of ordinary prudence in a like situation, without being held to strict accountability as to whether the course chosen is the most judicious or not. * * * The defendant, by unlawfully cutting the corner and approaching the plaintiff from the wrong side of the street, is not in a position to complain of the plaintiff's deviation from the rule of the road in an attempt to avoid a collision."

Under the conditions revealed in this record, appellee was not guilty of negligence as a matter of law; but rather, his acts in the premises were properly presented to the jury, and it was for that body to say whether or not he exercised due care, in view of the facts submitted.

V. Error is assigned because the district court refused to sustain appellant's objections to the instructions and its motion for a new trial. However, both motion and exceptions were

 filed too late in the district court. Apparently the jury's verdict and the judgment thereon, appealed from, were entered on October 10, 1927. Two days later (on October 12th), the district court extended appellant's time ten days, for excepting to the instructions and moving for a new trial. But it was not until after the expiration of the additional period that the motions were actually presented. They were filed, in fact, on the 24th day of October. This was beyond the authorized interim. Code of 1927, Section 11495, contains this language:

"Any party may take and file exceptions to the instructions of the court, or any part of the instructions given, or to the refusal to give any instructions as requested, within five days after the verdict in the cause is filed or within such further time as the court may allow, and may include the same or any part thereof in a motion for a new trial. * * *"

Succeeding the foregoing is Section 11551, which is:

"The application [for a new trial] must be made within five days after the verdict, report, or decision is rendered, unless for good cause the court extends the time * * *"

Wherefore, under those legislative requirements, it is obvious that appellant was fatally tardy in submitting its motion and exceptions. *Carruthers v. Campbell*, 195 Iowa 390; *Roggensack v. Ahlstrom* (Iowa), 209 N. W. 429 (not officially reported).

VI. Ample proof was furnished in reference to plaintiff's injuries and the damages to his car to substantiate the verdict. The verdict, therefore, is not excessive.

After carefully reading the whole record and considering all the assignments properly made, we are constrained to conclude that appellant had a fair trial, and is not entitled to a reversal of the district court's judgment.

Necessarily, then, the judgment of the district court is affirmed.—*Affirmed.*

ALBERT, C. J., and EVANS, FAVILLE, WAGNER, and GRIMM, JJ., concur.