[No. 21870. Department One. July 25, 1929.]

WM. J. BREITHAUPT *et al.*, *Appellants*, v. SAM J. MARTIN, *Respondent.*[1]

*McAulay & Freece,* for appellants.

*Roscoe Maddox* and *Roy E. Bigham,* for respondent.

*Reynolds, Ballinger & Hutson, amici curiæ.*

BEALS, J.—A collision between the automobiles of the respective parties to this action, which collision occurred at the intersection of North Chestnut and Chehalis streets, in the city of Toppenish, resulted in the submission to the superior court of plaintiffs' claim in the sum of $479.75, for alleged damages to their machine, and the defendant's claim for damages to his

[1]Reported in 279 Pac. 568.

car in the sum of $125. Each driver alleged negligence on behalf of the other, and denied any such as far as he himself was concerned.

The action was tried to the court without a jury, and resulted in findings to the effect that both parties were negligent, that the negligence of both contributed to the damages suffered, and that therefore plaintiffs' complaint and defendant's cross-complaint should both be dismissed. From a judgment entered in accordance with these findings, plaintiffs appeal.

Appellant Wm. J. Breithaupt, who will hereafter be referred to herein as though he were the sole plaintiff, was, April 3, 1928, driving his car in a northeasterly direction along the right-hand side of North Chestnut street. Respondent was at the same time driving his car in a southeasterly direction along Chehalis street, both cars approaching the right angle intersection of these streets, neither of which was an arterial highway. The superior court found that both cars were proceeding at lawful and reasonable rates of speed, which finding is amply supported by the testimony. The pavement was dry and, with the exception of a few shade trees, there was nothing to obscure the view of either driver of the intersection and no cross traffic. As appellant approached the intersection, he looked to his left, but did not see respondent's approaching car. He then looked to his right and, seeing no approaching traffic from that direction, proceeded across the intersection. Just after entering the same, he, for the first time, saw respondent's automobile, then at a distance of about eight feet. He tried to accelerate the speed of his car and escape a collision, but was unsuccessful, respondent's car striking his machine on the left side, close to the center. As a result of the collision, both cars were overturned

and suffered considerable damage. There was testimony to the effect that respondent's car had a flat tire which, it is contended, was absorbing the driver's attention.

The trial court concluded that respondent was negligent in not looking out for, and giving the right of way to, appellant's car, which was approaching from respondent's right. It also found that the appellant was guilty of contributory negligence in that he failed to observe the approach of respondent's car from his left.

Appellant's assignments of error may be considered as complaining of the trial court's refusal to enter judgment in his favor and in dismissing the action.

Subdivision (14) of § 6362-41, Rem. 1927 Sup. (Laws of 1927, p. 802), reads as follows:

"Drivers, when approaching public highway intersections, shall look out for and give right of way to vehicles on their right, simultaneously approaching a given point within the intersection, and whether such vehicles first enter and reach the intersection or not: *Provided,* This paragraph shall not apply to drivers on arterial highways."

The rule laid down in this paragraph is clear and easily understood. Its careful observance will tend to reduce the number of collisions at street intersections.

Appellant was proceeding at a lawful and reasonable rate of speed upon the proper side of the street, and was entitled to so proceed in the belief that any car approaching from his left, under such circumstances as to render applicable the section of the code above quoted, would accord him the right of way to which he was entitled thereunder. The question of the duty of the driver of a car in appellant's situation, who, in sufficient time to protect himself, sees an automobile approaching from his left, the driver of which

manifestly is not going to accord him the right of way, does not enter into the consideration of this case. The finding of the trial court to the effect that respondent was negligent in failing to look out for, and give the right of way to, appellant's car is clearly supported by the evidence, the only question before us being as to possible contributory negligence on the part of appellant by reason of his failure to see respondent's approaching car.

As to the general principle governing the rights of the parties under such circumstances as are now before us, this court, in the case of *Noot v. Hunter*, 109 Wash. 343, 186 Pac. 851, said:

"The truck, entering the intersection first on the right-hand side of respondent's automobile, had the right of way. It was the duty of the driver of respondent's automobile to have looked out for the truck and conceded it the right of way. The truck driver had the right to assume he would do this, and had no notice to the contrary until so late that even by the use of his brakes the collision could not be avoided."

This case was decided under the former rule of law to the effect that the automobile first in the intersection had the right of way through the same, but the quotation is applicable to the situation in the case at bar. Appellant's automobile had the right of way over respondent's car through the intersection. Respondent saw, or should have seen, appellant's machine, and it was his duty to concede to it the right of way.

"This he did not do and his negligence is established, for, as we have so often held, the violation of a positive statute is itself negligence, and there can be no doubt that this negligence contributed to, and was the proximate cause of, the injury." *Snyder v. Smith,* 124 Wash. 21, 213 Pac. 682.

This court, in the case of *Sliter v. Clark,* 127 Wash. 406, 220 Pac. 785, in considering the question of liability arising out of a collision between a motorcycle which was on the right of an automobile entering the highway from the left, placed the burden upon the driver of the automobile and held him "guilty of negligence of the gravest sort" in having disregarded the right of way enjoyed by the motorcycle approaching from the automobile's right.

In the case of *Bacon v. Varney,* 128 Wash. 472, 223 Pac. 322, an action arising out of a collision between an automobile and a bicycle, the latter being on the right, the driver of the automobile was held at fault and the boy riding the bicycle was held justified in relying upon the fact that he had the right of way "until he found it was denied him, at which time it was too late for him to avoid a collision."

Under present conditions of street and highway traffic, many problems arise which are difficult of adjustment, and the legislature, in endeavoring to cope with these problems, and realizing the defects inherent in the law as it was prior to the enactment of the section above quoted, sought to establish a rule more easily comprehended and observed than that theretofore in force. The basic rule always recognized in this country, that he who is on the right has the right of way, is generally understood and when embodied in legislative enactment should be so construed and applied to different states of facts as to give effect to the legislative intent. While it is true, as contended by respondent, that a statutory right of way is not absolute but relative, *Greater Motors Corporation v. Metropolitan Taxi Co.,* 115 Wash. 451, 197 Pac. 327; *Oliver v. Taylor,* 119 Wash. 190, 205 Pac. 746; *Foley v. Taylor,* 121 Wash. 401, 209 Pac. 698, in our opinion this rule is not applicable to the situation now before us.

■ It clearly appears from undisputed evidence that appellant had the right of way over respondent, and under the circumstances, as disclosed by the record, whether or not appellant saw, or should have seen, respondent's approaching car before he testifies he did see it, is immaterial. Respondent drove his car into appellant's machine, striking it squarely on the left side at or just back of the center. According to his own testimony, respondent was approaching the intersection at such a slow rate of speed that he could easily have stopped his car within a few feet. He argues that, because appellant testified that, as he approached the intersection, he varied the speed of his car, the two cars were not "simultaneously approaching a given point within the intersection," but as the two cars were unquestionably pursuing an unvarying course as to direction, and as they did collide within the intersection, it can only be concluded that they were simultaneously approaching the point of collision. Whether each car was proceeding at the same speed as the other, or whether the speed of the cars varied, is not important. *Romano v. Dulmage Motor Co.,* 119 Wash. 347, 206 Pac. 8; *Stidell v. Davidson,* 142 Wash. 348, 253 Pac. 458.

The finding of the trial court that respondent was guilty of negligence, and that such negligence proximately contributed to the accident is correct, while its finding that negligence of appellant proximately contributed to the collision is erroneous.

■ Appellant contends that, in case of a reversal of the judgment, this court should fix the amount of damages to be recovered by appellant and direct the entry of judgment in his favor for such amount. The trial court made no finding as to the amount of appellant's damage, and we do not feel that, from the record before us, this court should undertake to deter-

mine the amount of the judgment to be entered in appellant's favor.

The judgment appealed from is reversed, and the cause remanded with direction to the trial court to set the judgment aside, enter findings of fact and conclusions of law in appellant's favor, including a proper finding as to appellant's damages, for which amount judgment shall be entered against respondent.

HOLCOMB, FULLERTON, PARKER, and TOLMAN, JJ., concur.