[No. 27244. Department One. November 28, 1938.]

ALBIN CARLSON, *Respondent,* v. A. C. WHELAN *et al., Appellants.*[1]

[1]Reported in 84 P. (2d) 1001.

*Whittemore & Truscott,* for appellants.

*J. P. Mathews* and *Newton & Newton,* for respondent.

BLAKE, J.—This action results from a collision of automobiles at the intersection of the Stillaguamish-Arlington and George Cox roads, in Snohomish county. The former extends north and south; the latter, east and west. Both are graveled roads. Neither is an arterial highway.

The plaintiff was driving east on the George Cox road. The defendants, driving south on the Stillaguamish-Arlington road, were intending to turn east on the George Cox road. The intersection, admittedly, is one where the driver's view is obstructed, under the definition of the statute as construed by this court in *Rosenstrom v. North Bend Stage Line,* 154 Wash. 57, 280 Pac. 932. The evidence, of course, is in sharp conflict as to the course of the cars and the conduct of the drivers after they got to the intersection. But we must accept the version most favorable to plaintiff, since the appeal is by the defendants from judgment entered upon a verdict in favor of the former.

So viewing the evidence, we think it may be said the following facts were established: At the northwest corner of the intersection is an orchard, so that travelers approaching the intersection from the north and west have what might be said to be an intermittent view of traffic on the other road. Both respondent and Mr. Whelan, who was driving appellants' car, testified that, at varying distances from the intersection, they looked for approaching vehicles from the north and west, respectively. Neither, however, saw the other until he was at or in the intersection. Respondent testified that, although he had been traveling at about thirty-five miles an hour, he slowed down to between ten and fifteen miles before he entered the intersection; that, as he entered the intersection, he observed appellants' car; that, in order to avoid a collision, he accelerated his speed and pulled over to his right. The point of impact between the cars was at the right front end of appellants', and the left side of the body of respondent's, somewhat to the rear of the driver's seat. The force of the impact swung appellants' car around, so that it came to a stop within the intersection, facing northeast. The respondent's car continued thirty or forty feet east of the intersection and came to rest in a ditch on the south side of the road, facing west.

Although appellants suggest that the evidence does not establish negligence on their part, their principal contention is that respondent was guilty of contributory negligence, as a matter of law.

With respect to appellants' negligence, they were in the disfavored position, and it was their duty to yield the right of way. They contend that they did stop, and respondent could have passed in front of their car. Respondent's evidence was to the effect that appellants did not stop. The latter argue that the evidence to that effect does not amount to a "scintilla,"

and should be disregarded by the court. Respondent and one of his witnesses, however, positively testified that appellants did not stop. The credibility of their testimony was for the jury. Whether appellants yielded the right of way and whether their failure to do so constituted negligence which was the proximate cause of the collision, were clearly questions for the jury. *Breithaupt v. Martin,* 153 Wash. 192, 279 Pac. 568; *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533.

██ Appellants contend that respondent was guilty of contributory negligence in several particulars. The first is that, in the exercise of reasonable care, he should have seen appellants' car at sufficient distance from the intersection to have enabled him to avoid the collision. In support of this position, appellants rely upon *Chess v. Reynolds,* 189 Wash. 547, 66 P. (2d) 297. The plaintiff in that case was held guilty of contributory negligence as a matter of law, under circumstances somewhat similar to those of the case at bar. But there is one basic fact for the holding in that case which is absent in the case at bar—Chess entered an obstructed intersection at a speed in excess of fifteen miles an hour. In the case at bar, in view of the physical conditions, as shown by the evidence, at the northwest corner of the intersection, and in view of the fact that appellant driver himself failed to see respondent's car, we think that it was for the jury to say whether respondent was guilty of contributory negligence in failing to sooner see appellants' car.

██ The next ground upon which appellants base their contention that respondent was guilty of contributory negligence as a matter of law is predicated on the theory that, at the moment of impact, respondent was partially, at least, on the north side of the George Cox road. This theory rests upon the admission of respondent that, as he approached the inter-

section, he was driving in the middle of the road. Assuming that he was on the wrong side of the road, and assuming that, under the circumstances, it constituted negligence for him to be there, it does not follow that he must be held to have been guilty of contributory negligence as a matter of law. For, unless negligence on the part of the person injured contributes proximately and materially to his injury, it does not bar recovery. *Greater Motors Corp. v. Metropolitan Taxi Co.*, 115 Wash. 451, 197 Pac. 327. As we have said, it was for the jury to say whether appellants' failure to yield the right of way was a proximate cause of the collision. By the same token, we think it was for the jury to say whether respondent's being partially on the wrong side of the road contributed in an appreciable degree to his injury.

Appellants argue that respondent entered the intersection at a rate of speed much in excess of fifteen miles an hour, and that he was, for that reason, guilty of contributory negligence as a matter of law. This contention is based upon the position in which the cars came to rest after the collision, coupled with the fact that the front bumper of appellants' car was pulled off and dragged down the road east of the intersection. As we have seen, respondent testified that he entered the intersection at a rate of speed of from ten to fifteen miles an hour. But appellants insist that the physical facts belie his testimony and call for the application of the rule of such cases as *DeTemple v. Schafer Bros. Logging Co.*, 169 Wash. 102, 13 P. (2d) 446, and *Proper v. Brenner*, 191 Wash. 540, 71 P. (2d) 389. In these cases, it is held that, where the testimony of a party is at utter variance with physical facts, as shown by undisputed evidence, the latter are decisive of the issue.

The rule, however, can have no application in this case, because plaintiff testified that he accelerated his speed after observing appellants' car. This is sufficient to account for the position of the cars and the bumper from appellants' car after the collision. We do not think the physical facts are inconsistent with respondent's testimony that he entered the intersection at a rate of speed of from ten to fifteen miles per hour. Whether respondent was guilty of contributory negligence in failing to stop rather than speeding up and attempting to pass in front of appellants' car, was clearly a question for the jury to determine.

■ Finally, appellants except to instruction No. 2, defining right of way and the relative rights and duties of the parties, as they approached and entered the intersection. Particularly, appellants object to the following sentence in the instruction:

"You are instructed that under the law the automobiles of plaintiff and defendant approached a given point within the intersection simultaneously."

It is urged that this is a comment on the evidence. If so, it is a comment on undisputed facts. For the automobiles arrived at the same point within the intersection at the same time. And that fulfills, in all particulars, the meaning of "simultaneously," as we understand it. *Breithaupt v. Martin,* 153 Wash. 192, 279 Pac. 568.

Appellants object to the instruction as a whole, because:

"If a collision occurs at a point in an intersection where the driver from the right has no right to be, the cars are not then simultaneously approaching a given point in the intersection, so as to make applicable the right of way rule."

This objection is based on appellants' theory that the point of collision was north of the middle line of

the George Cox road. We are unwilling to limit the application of the right of way rule, as suggested by appellants. For, to do so would, to a large extent, nullify the salutary purpose of the statute.

Judgment affirmed.

STEINERT, C. J., MAIN, MILLARD, and ROBINSON, JJ., concur.